-PS-O-

FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICARDO LOPEZ, 85A4415,

       Plaintiff,

  -v-

Supt. DONNELLY, Sgt. EBERHART,
Sgt. KELLY, Correction Officer ROBERTS,
Correction Officer D. MOODY,
Correction Officer J. BARTELS,
Correction Officer BROWN, and
Correction Officer KELLY,

       Defendants.

DECISION AND ORDER
05-CV-0585E(Sc)

---

## INTRODUCTION

Plaintiff Ricardo Lopez, an inmate of the Green Haven Correctional Facility, originally filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 2) in the Southern District of New York. It was later transferred to this Court. Plaintiff has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 1). Plaintiff claims that the defendants, Superintendent Donnelly, Sergeant Eberhart, Sergeant Kelly, and Correction Officers Roberts, D. Moody, J. Bartels, Brown, and Kelly, violated his constitutional rights when he was harassed by a corrections officer and then assaulted by officers in violation of the Eighth Amendment. He also claims that certain procedures were utilized to avoid liability for such acts.

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Plaintiff, therefore, is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff's complaint suffers from several deficiencies. First, the complaint is written in language that makes it difficult to understand the nature of the claims. Second, the factual allegations as to defendants Roberts, Sergeant Kelly, Brown, Bartels, and Eberhart are insufficient to demonstrate any constitutional violation. Third, the complaint omits any factual allegations as to defendant Correction Officer Kelly. Fourth, it is impossible to determine what conduct plaintiff

alleges the Department of Correctional Services used to evade liability, and whether this would state a cause of action.

Plaintiff alleges that he was harassed by Correction Officer Moody because of his inability to move quickly due to an injury. He was then assaulted by other officers. Certain procedures were thereafter utilized that were intended to shield the Department of Correctional Services from liability for such violations. However the obscure language used in the complaint makes it difficult to determine the nature of the claims alleged against defendants Moody, Bartels, Brown and Eberhart. For example, it is not clear what the phrase "a pattern recorded by defendant's" is intended to mean. It is also not clear if plaintiff is alleging that Bartels, Brown and Eberhart were aware of defendants Moody's actions toward him, and were furthering the harassment, or whether they were not aware of what had transpired and reacted to what they perceived as his aggressive behavior when he hit the "lock box." In addition, plaintiff merely alleges that Roberts and Sergeant Kelly escorted him to the facility clinic to be treated for his injuries. They are named as defendants, but it is not clear what plaintiff is alleging they did that violated his rights. Plaintiff makes no allegation at all against defendant Correction Officer Kelly.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In addition, the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select

the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

"When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, at 42. *See also Simmons*, 49 F.3d at 87. The Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding his claims are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Plaintiff shall use the complaint form provided by the Court. He must state his claims in plain English and use short, direct sentences. Plaintiff's use of obscure or Latin phrases and the context in which he uses them conceals, rather than clarifies, his claims. He must explain clearly what each defendant is accused of doing, and what harm each defendant caused him. He should avoid using conclusory statements like " New York State Department Correction shall not employ policy and procedure to bolster what has the appearance of having been patently tailored to nullify constitutional objection." The Court can not determine from this sentence what act was done by what person, and how it harmed plaintiff. Similarly, defendants would not be able to meaningfully answering that allegation. As to each cause of action, plaintiff must state exactly what act or decision he is complaining of, who did it, and how it harmed him.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **October 25, 2005** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **October 25, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 25, 2005,** the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **October 25, 2005,** the Clerk of the Court shall close this case as dismissed with prejudice without further order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:    September 30, 2005
          Rochester, New York