FILED
U.S. DISTRICT COURT
W.D.N.Y BUFFALO

2006 JAN 26 AM 11: 39

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICARDO LOPEZ, 85A4415,,

        Plaintiff,

    -v-

Supt. DONNELLY, Sgt. EBERHART,
Sgt. KELLY, Correction Officer ROBERTS,
Correction Officer D. MOODY,
Correction Officer J. BARTELS,
Correction Officer BROWN, and
Correction Officer KELLY,

        Defendants.
_____

**DECISION and ORDER**
05-CV-0585E(Sc)

## INTRODUCTION

Plaintiff Ricardo Lopez, has amended his complaint pursuant to the Court's Order of September 30, 2005 (Docket No. 5). Plaintiff's Amended Complaint has been reviewed under the provisions of 28 U.S.C. § 1915. For the reasons discussed below, the claims against several defendants are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and the claims against the remaining defendants may go forward.

## DISCUSSION

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims against defendants Donnelly, Roberts, Sergeant Kelly and Officer Kelly must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.  The factual allegations as to defendants Donnelly, Roberts, and Sergeant Kelly, are insufficient to demonstrate any constitutional violation and the complaint omits any factual allegations as to defendant Correction Officer Kelly.

Plaintiff alleges that he was harassed by Correction Officer Moody because of his inability to move quickly due to an injury.  He lost his balance when his cane was kicked out from under him during the harassment by defendant Moody and he was then subjected to excessive force by other officers that caused serious injuries that required treatment at an outside hospital.  Procedures were thereafter utilized which were intended to avoid liability for such violations.  Plaintiff states no facts that would support an allegation that defendant Donnelly was personally involved in any constitutional violation.  In addition, plaintiff merely alleges that defendants Roberts and Sergeant Kelly escorted him to the facility clinic to be treated for his injuries and failed to correct inaccuracies in the reports by other officers.  Plaintiff does not allege that Roberts or Kelly themselves made any statements intended to conceal constitutional violations.  Plaintiff makes no allegation at all against defendant Correction Officer Kelly.  The claims against these defendants are, therefore, dismissed.

## CONCLUSION

For the reasons discussed above, plaintiff's claims against defendants Donnelly, Roberts, Sergeant Kelly and Officer Kelly are dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), and the U.S. Marshal is directed to serve the summons and complaint on defendants Moody, Bartels, Eberhart and Brown regarding the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's claims against defendants Donnelly, Roberts, Sergeant Kelly and Officer Kelly are dismissed ;

FURTHER, that the Clerk of the Court is directed to terminate defendants Donnelly, Roberts, Sergeant Kelly and Officer Kelly as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants Moody, Bartels, Eberhart and Brown without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated: _____1/25_____, 2006
Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge